A grant issued to one Grant, who conveyed to the plaintiff. The land in question was sold for the direct tax, as the property of Grant, and purchased by Smith and Bradford. They sold to Parker, and the collector made him a deed. Many objections were made to the title derived under the sale for the direct tax; but the points upon which the cause turned will be seen in the following opinion of the Court: —
This is a proceeding by which a man's property is to be taken from him without the interference of a court, and not in the common course of law. It is a summary and an extraordinary proceeding. Whoever claims title under it must show that he has complied with all the requisites which the law has prescribed in order to guard against fraud and imposition. The advertisements required by the Act to precede a sale, ought to be proved to have been made, so as to satisfy a jury that they were made. Circumstances indicative of the fact may be received at this distance of time; and some such circumstances have been given in evidence in the present case, such as the production of one Gazette in which the advertisement appears. But there is one objection which the Court deems fatal. The surveyor's book describes the land and its situation, and states Grant to be the reputed *Page 366 
owner. The collector's book states him to be the occupier or possessor, and it is proved that Grant lived in Kentucky. Had it appeared upon the collector's book that he was only the reputed owner, there would have been a publication as directed by the Act of 1798, ch. 92, section 11, as well as the publication required by the 13th section. It is indeed argued by the counsel for the defendant that the publication is only requisite in the case of an unknown person, whose personal property is intended to be seized by the collector for raising the taxes due, and is only preparatory to such seizure. I am of opinion, however, that it is equally necessary in the case of a person who is known, but is the resident of another State or county; and that, in the case of an absentee, both advertisements are necessary, as directed by the 11th and 12th sections of the Act of 1798. As to the objection that a demand by the collector ought to have preceded the sale, that could not be, for the reputed owner was not in the collection district. Nor does the Circuit Court perceive the weight of the objection as to sending a statement of the taxes due to the collector of the district where Grant resided. The district spoken of in the Act meant one in the State, and under the care and superintendence of the same supervisor as the district from whence it must be sent.
Verdict for the plaintiff.